José Font, Plaintiff and Appellee, v. Inés Castro et al., Defendants and Appellants.

No. 4852. Argued December 13, 1929.—Decided June 25, 1930.

*José Veray Jr.* for appellant. *Rafael Arjona Siaca* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

In the amended complaint, which formed the basis of this action, it is alleged that in or about the month of January, 1923, the defendants made and delivered to the plaintiff their joint and several promissory note, and thereby promised to pay to him on January 31, 1924, the sum of $728 and interest thereon at 12 per cent per annum, and that the defendants have not paid the said sum, nor any part thereof, either at maturity or at any time thereafter, whether jointly or severally, nor has it been paid by anybody else in their behalf.

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and filed an answer in which they admitted the making of the note and denied that it had not been paid. In addition, they alleged as new matter that prior to January 31, 1924, defendant Inés Castro paid the note, by delivering $728 to the plaintiff José Font in person.

Upon the overruling of the demurrer, the case went to trial, and, after weighing the evidence in a well considered opinion, the district court finally found for the plaintiff and adjudged the defendants to pay to him the sum claimed, together with interest thereon and the costs.

Thereupon the defendants took an appeal to this court and have assigned three errors in their brief.

The first error assigned refers to the demurrer. In their argument under that assignment, the appellants admit that the complaint, as finally amended, is perfect because not only was it alleged therein that the defendants subscribed the note, but also that they delivered it to the plaintiff. If this is so, the defendants themselves acknowledge that the demurrer was properly overruled, and that the error assigned does not exist.

A demurrer admits the truth of the facts as alleged. The decision on the demurrer can not be attacked, as has been done by the appellants in their brief, by claiming that the delivery, alleged in the complaint to have been made to the plaintiff, was not proved at the trial.

If such delivery had not been shown, a dismissal of the action would lie; not because of the insufficiency of the pleading, but by reason of a failure of proof.

On the point of the insufficiency of the evidence, we will say that it is true that at the trial it was not shown that the delivery had been made directly to José Font; but it was abundantly shown not only by plaintiff's evidence, but by the evidence of the defendants themselves, that the said delivery was made to his agent Romaguera, and this is sufficient to support the allegation.

The second and third errors assigned refer to the weighing of the evidence.

The conclusion reached by the district court after weighing the evidence is so grave, that we have examined the record in this case, not once, but twice, allowing a long interval to elapse between the two occasions. On both of these we have convinced ourselves that the trial judge was correct in his decision.

The sum of $728 claimed herein originated in a larger debt. The real debtor has always been the defendant, Inés Castro; but as the other defendant, Rullán, guaranteed the

payment of the obligation, he is equally liable under the law and the jurisprudence.

The defendants had acknowledged their indebtedness to José Aguiló in the sum of $1,318.08. Aguiló transferred the note to the plaintiff Font. Unable to pay the whole amount of the debt, the defendants succeeded in having the creditor Font, through his agent Romaguera, accept a partial payment, and a new note was made for the balance due.

The new note was mislaid in the agent's office and, payment thereof having been demanded extra-judicially, Castro refused to pay, whereupon Font brought the present action.

The defendants not only testified that the note had been paid, but they produced in evidence a promissory note for $728 in favor of the plaintiff, subscribed by them, and bearing a notation thereon to the effect that the same had been canceled. Castro testified that he had sent his son Ernesto Castro to Ponce to pay the note, and Ernesto Castro in turn testified that he had been sent to Ponce by his father; that he called on Font and paid him, and that Font delivered to him the canceled document. Another witness, Aurelio Méndez, testified that he accompanied Castro to Ponce, and remained in the car while Castro went into Font's house, and that he saw in Castro's hands the document delivered to him by Font.

Notwithstanding all that evidence, the lower court, as we have already stated, rendered a judgment against the defendants. Font testified that nobody had paid him, and that what Ernesto Castro had stated was not true. Romaguera, Font's agent, also testified that the debt had not been paid, and that the document had been mislaid in his office, to which fact his employees similarly testified.

In rebuttal the plaintiff introduced two witnesses, whose testimony is of the greatest importance, José Aguiló and Alfonso Gonzague.

Inés Castro in his testimony stated that he never heard of the document having been lost. Aguiló, however, said:

"Well, now; when Mr. Font wrote me and stated that the document had been mislaid, that is, the new document, because in the settlement made by them he paid six hundred and odd dollars, or one-half of the sum of thirteen hundred dollars, I then wrote to Mr. Castro informing him that the document had been mislaid."

The testimony of Gonzague, who said he was an employee of the Department of the Interior and that for some time he had been a guest at Inés Castro's house, was in part as follows:

"Will you state to me what Mr. Inés Castro told you in that respect?—He asked me to appear in court and testify to the fact that he had paid a certain sum in Ponce; he told me that the document in which that amount appeared had been lost, and he asked me to do him the favor of testifying positively that I was present when Ernesto Castro went to Ponce and paid to Mr. Romaguera a certain sum of money, and that I saw the delivery to him of the document which mentioned that sum.—Did you accept such a proposal from Mr. Castro?—Never; I am an honest man.—Attorney for the plaintiff: That is all.—On examination by the attorney for the defendants, he testified as follows: Are you Mr. Castro's friend or his enemy?—His friend.—Do you like him much?—I do not dislike him; only that he has offended me by that proposal."

If we add to this that there are to be noticed in the testimony of defendants Castro and Rullán the hesitations and discrepancies referred to by the district judge in his opinion; that from an examination of the documentary evidence it appears, as stated by the trial judge in his opinion, that, "according to a letter from Mr. Romaguera, dated in Ponce on February 14, 1923, and addressed to Mr. Castro, Mr. Romaguera stated, in the second paragraph thereof, that he was forwarding to the latter a note for $728 to be jointly subscribed by him and Mr. Rullán. In his testimony Mr. Romaguera stated that the handwriting which appears in the blank spaces of the printed form of promissory note introduced by the defendants, is not the handwriting of any

of the employees of his office; and upon an examination of the document a peculiarity is revealed which, under the circumstances, the judge considers of the utmost importance. The blank form for filling in the date of the instrument in question contains the words: 'Lares _____ of _____ nineteen hundred _____' in print, whereas Mr. Romaguera, whose residence and business are in Ponce, testified that he does not keep in his office blank forms for promissory notes to be dated in Lares, and that Inés Castro himself doubts, hesitates, but does not deny, that the note sent from Ponce by Mr. Romaguera, to be subscribed by him might not be the note which, after being signed by him and his codefendant Mr. Rullán, was returned to the said Mr. Romaguera at his domicil,'' it will be concluded that the judgment appealed from is fully justified by the record and must, therefore, be affirmed.